Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTEBAN GUTIERREZ

                   Plaintiff                         CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
POLICE OFFICER KENNETH AYALA (SHEILD #010194)
POLICE OFFICER JOSEPH AYALA (SHIELD#003194)
POLICE OFFICER CHRISTOPHER T. VACCARO (SHIELD#003957)

                                           **VERIFIED COMPLAINT**
                                              **JURY CLAIM**
                                     **AS TO ALL COUNTS**

               Defendants

## INTRODUCTION

Esteban Gutierrez, a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest

2. Violation of 42 U.S.C. 1983: False Imprisonment

3. Violation of 42 U.S.C. 1983: Malicious Prosecution

4. Intentional Infliction of Emotional Distress

5. Violation of 42 U.S.C. 1983: Conspiracy

6. Negligence

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

### PARTIES

3. Plaintiff Esteban Gutierrez [hereinafter "GUTIERREZ"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

4. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

5. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

6. Defendant Police Officer Kenneth Ayala (hereinafter "K. AYALA") is an employee of the New York Police Department.

7. Defendant Police Officer Joseph Ayala (hereinafter "J. AYALA") is an employee of the New York Police Department.

8. Defendant Police Officer Christopher Vaccaro (hereinafter "VACCARO") is an employee of the New York Police Department.

9. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

10. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

## PLAINTIFF'S BACKGROUND FACTS

11. On January 5, 2013 at approximately 7:45pm, GUTIERREZ had just gotten off the bus coming home from work and walking along The Grand Concourse heading towards E. Tremont Avenue in Bronx County.

12. GUTIERREZ entered a nearby liquor store to buy a "scratch off" lottery ticket and conversed with some friends inside of the store.

13. After leaving the liquor store, GUTIERREZ walked back up E. Tremont towards the Grand Concourse and stopped inside of the corner bodega to buy a "black and mild" cigar.

14. Once leaving the bodega GUTIERREZ observed numerous police officers huddled around the liquor store he had just recently exited. Shortly thereafter, he witnessed the officers hop in their vehicle and head towards him.

15. Once the police vehicle reaches GUTIERREZ, police officers including J. AYALA hop out and without provocation and search GUTIERREZ, claiming they find a gravity knife on GUTIERREZ's person in the search.

16. GUTIERREZ was handcuffed and ultimately brought to the 46th Precinct in a police van, thinking he was being arrested for alleged possession of the aforementioned gravity knife.

17. However, once at the precinct GUTIERREZ was informed that he was being arrested for a felony sale of a controlled substance and possession of a controlled substance, as VACCARO alleged GUTIERREZ stashed crack cocaine in the police van he was transported in.

17. After approximately 9 hours, GUTIERREZ left the 46th Precinct and was brought to Central Booking where he was arraigned in Bronx Criminal Court and charged with felony level possession of a controlled substance; the commencement of the criminal action at issue.

18. Bail was set at arraignments at an amount GUTIERREZ could not pay. Consequently GUTIEREZ remained incarcerated for five (5) days at Anna M. Kross Center on Riker's Island until he was able to post bail.

19. GUTIERREZ went back and forth to court for nearly three years with approximately 10 court appearance until hearings and trial began in the fall of 2015

20. During hearings and trial, police officer K. AYALA testified regarding his observations of GUTIERREZ taking part in the alleged sale of the controlled substance.

21. His testimony was deemed not credible by Hon. Judge April Newbauer and the criminal case was dismissed in GUTIERREZ's favor on November 2, 2015.

## UNDISPUTED FACTS

22. Plaintiff was arrested on January 5, 2013.

23. Plaintiff was transported to the 46th Precinct, after being taken into NYPD custody.

24. At arraignment bail was set.

25. Plaintiff remained incarcerated for six days (one day in central booking and five days at the Anna M. Kross Center on Riker's Island) until released on or about January 11, 2013.

26. Ultimately, all charges were dismissed on November 2, 2015.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST

27. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

29. Acting under color of law, Defendant's engaged in a denial of GUTIERREZ'S rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

30. There was no probable cause for the January 5, 2013 arrest and incarceration of GUTIERREZ and as a result his constitutional rights were violated.

31. As a result of the Defendant's unlawful and malicious action GUTIERREZ was temporarily deprived of both her liberty without due process of the law and her right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable. "Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355. In this instant matter counsel would argue that the clear indication on the record that the People did not believe there was even sufficient cause to arrest Mr. Foy arguably concedes the point that said arrest and detention was in direct violation of Plaintiff's civil rights, as guaranteed by the United States Constitution and the Fourteenth Amendment therein.

## COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT

32. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. As a result of the unlawful and malicious arrest of GUTIERREZ for which there was no probable cause, he was incarcerated for approximately 6 days without justification or consent, whereby Defendants deprived GUTIERREZ of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

34. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. Defendants, intentionally and maliciously, instituted and pursued a criminal action against GUTIERREZ that was brought without probable cause and was dismissed in GUTIERREZ's favor.

36. As a result of the concerted unlawful and malicious prosecution of GUTIERREZ, the Defendant's deprived GUTIERREZ of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

38. Defendants intentional and reckless conduct resulted in the extended incarceration of GUTIERREZ.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

39. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of GUTIERREZ.

41. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

42. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

43. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

44. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-38 above, Plaintiff suffered loss of physical liberty and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: NEGLIGENCE

45. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

47. Defendants breached that duty to Jones when they arrested him for the felony of criminal sale of a controlled substance when there was, admittedly, no probable cause sufficient to support a finding that GUTIERREZ committed this, or any other, crime associated with this incident.

48. As a result of the breach, which were the actual and proximate cause of GUTIERREZ's injury, GUTIERREZ suffered harm and damages.

49. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate

Respectfully submitted,

Esteban Gutierrez
By his attorney
December 17, 2015

Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

ESTEAN GUTIERREZ

Subscribed and sworn to before me, this __th day of December 2015

Notary Public

NOTARY PUBLIC, State of New York
JASON VANCE
No. 04VA6161023
Qualified in Bronx County
Commission Expires Feb. 8, 20__